Fill in this information to identify your case:

| Debtor 1 | Samuel | Webster | Hatcher, Sr. |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number  18-64865-jwc
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

# Chapter 13 Plan

**NOTE:**   The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1:   Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.***

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ■ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ■ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8** | ☐ Included | ■ Not Included |

Debtor  Samuel Webster Hatcher, Sr.                                          Case number 18-64865-jwc

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:   ☒ 36 months        ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay ____$520.00____ per ____month____ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date)*: | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
|  | _____ per ____week____ |  |

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3   Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☒ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _2018, 2019, 2020, 2021 ad 2022_, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

Debtor(s) will retain any income tax refunds received during the pendency of the case so long as it remains a 100% Plan

**§ 2.4   Additional Payments.**

*Check one.*

☒ **None.**  If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

Debtor  Samuel Webster Hatcher, Sr.    Case number  18-64865-jwc

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.**  In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below.  All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.**  The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims").  The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims.  Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Quicken Loans | 1st mortgage on Residence at: 1671 Lily Valley Drive Lawrenceville, GA 30045 | $16,909.97 | 0.00 % | $140.50 step to $340.50 beginning January, 2020. |

Debtor   Samuel Webster Hatcher, Sr.                                          Case number   18-64865-jwc

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Golden Gate Owners Association | HOA lien for Past Dues on Residence at: 1671 Lily Valley Drive Lawrenceville, GA 30045 | $6,407.15 | 10 % | $147.00 |

§ 3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

■ **None.**  If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

§ 3.3   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

■ **None.**  If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

§ 3.4   **Lien avoidance.**

*Check one.*

■ **None.**  If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

§ 3.5   **Surrender of collateral.**

*Check one.*

■ **None.**  If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

§ 3.6   **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __4.5__ %.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Samuel Webster Hatcher, Sr.                               Case number  18-64865-jwc

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**§ 4.1  General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3  Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___3,750.00___. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d)  From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___200.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4  Priority claims other than attorney's fees.**

☒ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ The larger of (1) __0.00__% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

Debtor  Samuel Webster Hatcher, Sr.                              Case number  18-64865-jwc

§ 5.3   **Other separately classified nonpriority unsecured claims.**

   *Check one.*

   ■ **None.**  *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:  Executory Contracts and Unexpired Leases

§ 6.1   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

   *Check one.*

   ■ **None.**  *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:  Vesting of Property of the Estate

§ 7.1   **Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

### Part 8:  Nonstandard Plan Provisions

§ 8.1   **Check "None" or list Nonstandard Plan Provisions.**

   ■ **None.**  *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9:  Signatures

§ 9.1   **Signatures of Debtor(s) and Attorney for Debtor(s).**

   *The debtor(s) must sign below.  The attorney for the debtor(s), if any, must sign below.*

   ✘ /s/ Samuel Webster Hatcher, Sr.
   Signature of debtor 1 executed on  10 / 12 / 2018
                                       MM / DD / YYYY

   ✘
   Signature of debtor 2 executed on
                                       MM / DD / YYYY

   3211 Citation Avenue Kennesaw, GA 30144
   Address                         City, State, ZIP code

   Address                         City, State, ZIP code

   ✘ /s/ Richard K. Valldejuli, Jr.
   Signature of attorney for debtor(s)

   Date: 10 / 12 / 2018
         MM / DD / YYYY

   VALLDEJULI & ASSOCIATES, LLC
   Firm

   2199 Lenox Road, NE, Suite A, Atlanta, GA  30324
   Address                         City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

# CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

This is to certify that I have this day served all parties in the foregoing matter with a copy of the foregoing ***CHAPTER 13 PLAN*** thereon by consent of the parties where indicated, the following have received an electronic copy and service by US Mail and by e-mail and/or Facsimile where indicated upon creditors and parties in interest indicated on the attached mailing matrix dated **10/15/18**.

This 15th day of October, 2018.

_____/s/_____
Richard K. Valldejuli, Jr.
GA State Bar # 723225
Attorney for Debtor

2199 Lenox Road, Suite A
Atlanta, Georgia 30324
(404) 636-9957

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 18-64865-jwc<br>Northern District of Georgia<br>Atlanta<br>Mon Oct 15 00:20:09 EDT 2018 | (p)AUTOMOBILE ACCEPTANCE CORPORATION<br>PO BOX 961926<br>RIVERDALE GA 30296-6914 | Becket & Lee, LLP<br>For Capital One<br>P.O. Box 3001, Dept. V<br>Malvern, PA 19355-0701 |
| Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Lisa F. Caplan<br>Rubin Lublin, LLC<br>Suite 100<br>3145 Avalon Ridge Place<br>Peachtree Corners, GA 30071-1570 | Cavalry SPV 1, LLC<br>assignee of Synchrony Bank<br>P.O. Box 520<br>Valhalla, NY 10595-0520 |
| Garden Gate Owners Association, Inc.<br>c/o Lueder, Larkin & Hunter, LLC<br>5900 Windward Parkway, Suite 390<br>Alpharetta, GA 30005-5479 | Golden Gate Owners Association<br>c/o Lueder, Larkin & Hunter<br>5900 Windward Parkway<br>Suite 390<br>Alpharetta, GA 30005-5479 | Samuel Webster Hatcher Sr.<br>1671 Lily Valley Drive<br>Lawrenceville, GA 30045-7960 |
| Home Depot Credit Services<br>CBNA<br>P.O. Box 6497<br>Sioux Falls, SD 57117-6497 | Kohl's/Capital One<br>P.O. Box 3115<br>Milwaukee, WI 53201-3115 | Lueder Larkin & Hunter, LLC<br>5900 Windward Parkway<br>Suite 390<br>Alpharetta, GA 30005-5479 |
| McCullough, Payne & Haan, LLC<br>For Atomobile Acceptance Corp.<br>171 17th Street, NW<br>Atlanta, GA 30363-1032 | McCullough, Payne & Haan, LLC<br>For Cavalry SPV 1, LLC<br>171 17th Street, NW<br>Atlanta, GA 30363-1032 | Daniel E. Melchi<br>Lueder, Larkin & Hunter, LLC<br>Suite 390<br>5900 Windward Parkway<br>Alpharetta, GA 30005-5479 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Quicken Loans<br>1050 Woodward Avenue<br>Detroit, MI 48226-1906 | Quicken Loans Inc.<br>635 Woodward Ave.<br>Detroit, MI 48226-3408 |
| Rubin Lublin<br>3740 DaVinci Court, Suite 150<br>Peachtree Corners, GA 30092-7614 | SunTrust Bank<br>Attn: Support Services<br>P.O. Box 85092<br>Richmond, VA 23286-0001 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Richard K. Valldejuli Jr.<br>Valldejuli & Associates, LLC<br>Suite A<br>2199 Lenox Road, NE<br>Atlanta, GA 30324-4342 | Nancy J. Whaley<br>Nancy J. Whaley, Standing Ch. 13 Trustee<br>303 Peachtree Center Avenue<br>Suite 120, Suntrust Garden Plaza<br>Atlanta, GA 30303-1216 | |

           The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
           by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Automobile Acceptance Corp
749 Main Street
Riverdale, GA 30274